MELINDA SILK
SILK LAW OFFICE
59 Mulberry Avenue
Lake Havasu City, AZ  86403
928/854-7455
silklawoffice@yahoo.com
State Bar I.D. #019595
Attorney for Defendants,
Kristy Osius & Melinda Silk

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | Chapter 13 Proceedings |
| ) | |
| ) | Case No. 0:11-bk-19648JMM |
| DANIEL BARBARA and ) | |
| LEE ANNE BARBARA, ) | Adversary No. 0:11-ap-01514-JMM |
| ) | |
| Debtors, ) | RESPONSE TO ADVERSARY COMPLAINT |
| _____ ) | AND MOTION FOR FINDING OF CIVIL |
| ) | CONTEMPT FOR VIOLATION OF |
| DANIEL BARBARA and ) | AUTOMATIC STAY |
| LEE ANNE BARBARA, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| KRISTY OSIUS, ) | |
| MELINDA SILK, Attorney, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

COMES NOW the Defendants, KRISTY OSIUS and MELINDA SILK, by and through undersigned counsel, and as and for their Response to Plaintiffs' Adversary Complaint and Motion for Finding of Civil Contempt for Violation of Automatic Stay, allege and state as follows:

SILK LAW OFFICE
Melinda Silk
59 Mulberry Avenue
Lake Havasu City
Arizona 86403
(928) 854-7455
Fax (928) 854-7469

1

Case 0:11-ap-01514-JMM   Doc 9   Filed 09/21/11   Entered 09/21/11 15:43:39   Desc
Main Document   Page 1 of 14

First and foremost, Defendants did not violate the Automatic Stay in this matter. Defendant Osius, through her attorney, Defendant Silk, filed a post decree Petition for Civil Contempt <u>prior</u> to Plaintiff's filing for bankruptcy. Once Plaintiff filed for bankruptcy relief, such filing does not preclude the Defendants from attempting to obtain relief from the Automatic Stay, pursuant to 11 USCA Section 362 (b)(2) of the United States Bankruptcy Code. A request for relief from an Automatic Stay in itself, is <u>not</u> a violation of the Automatic Stay and as such, does not warrant the issuance of sanctions against either of the Defendants.

Plaintiffs' bankruptcy and the allegations set forth in the instant complaint are yet another veiled attempt by Daniel Barbara to manipulate the system into legally assisting and condoning his violation of the terms and conditions set forth in the Defendant, Kristy Osius, and Mr. Barbara's Decree of Dissolution of Marriage. Plaintiffs' allegations are nothing more than conjecture, speculation and/or untruths that do not warrant individual denials by the Defendants. Defendants deny each and every allegation that is not a material statement of fact in Plaintiffs' complaint. Plaintiffs' own exhibits clearly demonstrate and reinforce why it was necessary for Defendants to request relief from the Automatic Stay.

SILK LAW OFFICE
Melinda Silk
59 Mulberry Avenue
Lake Havasu City
Arizona 86403
(928) 854-7455
Fax (928) 854-7469

When the dissolution case went to trial, Mr. Barbara testified in open Court that he had _no_ intention of filing for bankruptcy relief. Based upon this declaration, Kristy Osius, was awarded virtually none of the parties' community assets, in return for Mr. Barbara being responsible for all of the parties' community debt. Mr. Barbara led Ms. Osius to believe for over a year, that he had hired a firm to handle the payment of the community debt. Even after Ms. Osius confirmed with the creditors that Mr. Barbara was not abiding by the Mohave County Superior Court's orders, Mr. Barbara vehemently insisted that he was handling it.

After approximately one (1) year of Mr. Barbara stringing Ms. Osius along with false assurances and accusations, Ms. Osius filed a Petition for Civil Contempt with the Mohave County Superior Court on April 25, 2011. On May 11, 2011, said Court set the matter for hearing on September 23, 2011.

It wasn't until after Ms. Osius filed her Petition for Civil Contempt **and** the Court set a hearing date, did Mr. Barbara, in an effort to negate the aforementioned obligations, file for bankruptcy on July 8, 2011.

On July 26, 2011, Mr. Barbara's attorney in the dissolution matter filed a Motion and Notice of Chapter 13 Bankruptcy Filing and Statement Regarding Said Filing. On August 12, 2011, undersigned counsel filed on behalf of Ms.

SILK LAW OFFICE
Melinda Silk
59 Mulberry Avenue
Lake Havasu City
Arizona 86403
(928) 854-7455
Fax (928) 854-7469

3

Osius a Response to Respondent's Motion and Notice of Chapter 13 Bankruptcy Filing and Statement Regarding Said Filing and Motion for Relief From Final Order, pursuant to Rule 35(A)(3) of the Arizona Rules of Family Law Procedure, which states in part as follows:

...

> Rule 35. Family Law Motion Practice
> **A. Formal Requirements; Time Periods.**
> 3. Any party opposing the motion shall file any answering memorandum within ten (10) days thereafter. An answering memorandum shall be titled "Response to _____ (name of motion)."

...

Undersigned counsel had a Court required duty and a legal duty to her client, Ms. Osius, to file a proper Response to the aforementioned Motion. This mandatory filing in no way can be construed as a violation of the Automatic Stay; and therefore, Plaintiffs have no grounds to request sanctions issued against the Defendants.

In addition, on or about September 1, 2011, undersigned counsel filed an Ex Parte Motion for Order Confirming Inapplicability of Automatic Stay, Pursuant to 11 U.S.C. § 362(b)(2) with the United States Bankruptcy Court.

SILK LAW OFFICE
Melinda Silk
59 Mulberry Avenue
Lake Havasu City
Arizona 86403
(928) 854-7455
Fax (928) 854-7469

4

**LEGAL ARGUMENT**

Defendant and Defendant's Attorney are entitled to file a Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362 with the United States Bankruptcy Court, which provides as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . .
>
> (1) for cause, including the lack of adequate protection ...

Typically, motions for relief from the automatic stay are initiated by a creditor. Generally, it is the creditor whose interest is allegedly not being properly protected by the debtor. Section 362(d), however, allows any party in interest to request relief from the automatic stay. Defendant is such a party in interest, and, therefore may bring a Motion for Relief from the Automatic Stay.

The phrase "for cause," referred to in § 362(d) frequently refers to a lack of adequate protection or some adverse circumstance to which the stay of § 362 binds a creditor. It has been held, however, that cause for lifting the automatic stay "may include permitting a debtor to continue proceedings in another tribunal." In re Ionosphere Clubs, Inc., 105 B.R. 765, 770 (Bankr. S.D.N.Y. 1989). The United States Court of Appeals for the Ninth Circuit has repeatedly

SILK LAW OFFICE
Melinda Silk
59 Mulberry Avenue
Lake Havasu City
Arizona 86403
(928) 854-7455
Fax (928) 854-7469

recognized that there is "cause" shown and the automatic stay should be terminated when there is a pending state court case involving state law issues. In re Tucson Estates, Inc., 912 F.2d 1162, 1166 (9th Cir. 1990); In re Castlerock Properties, 781 F.2d 159, 163 (9th Cir.1986); In re Kemble, 776 F.2d 802, 807 (9th Cir. 1985).

> This proposition is further supported in the legislative history to 11 U.S.C. § 362 which provides:
>
>> The lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, but is not the only cause ... a desire to permit an action to proceed to completion in another tribunal may provide another cause. House Report No. 95-595, 95th Cong., 1st Sess. 343-4 (1977); cf. Senate Rpt. No. 95-989, 95th Cong., 2d Sess. 52-3 (1978).

Here, the filing of the bankruptcy herein has stayed Defendant from proceeding with the post decree matter, and Defendant is requesting relief of the automatic stay so that she may proceed. Based on the decisions in Ionosphere, Tucson Estates, Castlerock Properties, and Kemble along with the congressional intent, Defendants' basis for requesting relief satisfies the "for cause" requirement of § 362(d)(1).

Relief from the automatic stay may be granted "for cause," 11 U.S.C. §362(d)(1). "Cause" for lifting the stay has generally been held to include domestic matters, which should be determined in a state court where expertise in such issues lies. In re Robbins, 964 F.2d 342 (4th Cir. 1992); Carver

SILK LAW OFFICE
Melinda Silk
59 Mulberry Avenue
Lake Havasu City
Arizona 86403
(928) 854-7455
Fax (928) 854-7469

v.Carver, 954 F.2d 1573, 1578 (11th Cir. 1992); In re Simpson, 140 B.R. 857 (Bkrtcy.E.D.Pa. 1992); In re El-Amin, 126 B.R. 855, 859 (Bkrtcy.E.D.Va, 1991); In re White, 851 F.2d 170 (6th Cir. 1988); In re MacDonald, 755 F.2d 715 (9th Cir. 1985); In re Graham, 14 B.R. 246, 248 (Bkrtcy.W.D.Ky.1981); Schulze v. Schulze, 15 B.R. 106, 108-109 (Bkrtcy.S.D.Ohio 1981).

Additionally, relief from the stay should be granted to allow the for the collection of post-petition support, interest, costs, and fees where such collection is otherwise prohibited by the automatic stay (e.g. where the property of the estate has not re-vested in the debtor), In re Jacobson, 231 B.R. 763 (Bkrtcy.D.Ariz. 1999). In the instant case, Plaintiff testified in open court at the trial level that he had no intention of filing for bankruptcy relief (see page 10 of the Amended Decree of Dissolution of Marriage under Findings No. 33). Based upon this declaration, Defendant was awarded virtually none of the parties' community assets, in return for the Plaintiff being responsible for all the parties' community debt. (See pages 17 & 18 of Amended Decree of Dissolution of Marriage, under Orders No.(4)(a)(i) thru (xxix). The trial court's equitable division of community debts, spousal maintenance, property allocation and equalization payments was effectively and immediately destroyed when Plaintiff filed for Chapter 13 Bankruptcy.

SILK LAW OFFICE
Melinda Silk
59 Mulberry Avenue
Lake Havasu City
Arizona 86403
(928) 854-7455
Fax (928) 854-7469

7

Normally, when the bankruptcy court does not determine which debts are discharged, the state court has concurrent jurisdiction to make that determination. <u>Steiner v. Steiner</u>, 179 Ariz. at 611-12, 880 P.2d at 1157-58; <u>Beckmann</u>, 685 P.2d at 1049-50. The trial court's order of authority was limited by the bankruptcy court's order lifting the bankruptcy stay in <u>Birt v. Birt</u>, 208 Ariz. 546 (2004), 96 P.3d at 544. (Order authorizing Wife to seek to "reopen and examine the equity of the property distributions, debt allocations and support provisions but denied her request to proceed with an action to determine the dischargeability of obligations in [state court] and bring such actions to the United States Bankruptcy Court." . . . "Given this limitation and the circumstances of this case, granting Defendant Rule 60(c)(6) relief could not interfere with a determination of what debts were discharged or result in an "end run' around the discharge. Ultimately the Bankruptcy Court will determine what debts were discharged." Id. at 546. An order in <u>Birt</u> lifting the stay permitting Defendant to seek relief from the Arizona Superior court, making clear that a Rule 60 motion would not violate the bankruptcy stay.

When a debtor files for bankruptcy, he is immediately protected by an automatic stay under 11 U.S.C. § 362(a), which provides that a bankruptcy petition, among other things,

> "operates as a stay, applicable to all entities, of the commencement or continuation ... of a

SILK LAW OFFICE
Melinda Silk
59 Mulberry Avenue
Lake Havasu City
Arizona 86403
(928) 854-7455
Fax (928) 854-7469

judicial, administrative, or other action or proceeding against the debtor ...; the enforcement ... of a judgment ...; any act to obtain possession of property of the estate ...; [and] any act to create, perfect, or enforce any lien...."

It does not, however, prevent the commencement or continuation of a civil action in certain circumstances. 11 U.S.C. § 362(b)(2)(A)-(B). Relief from the automatic stay may be granted "for cause," 11 U.S.C. §362(d)(1). "Cause" for lifting the stay has generally been held to include but is not limited to domestic matters, which should be determined in a state court where expertise in such issues lies. In re Robbins, 964 F.2d 342 (4th Cir. 1992); Carver v. Carver, 954 F.2d 1573, 1578 (11th Cir. 1992); In re Simpson, 140 B.R. 857 (Bkrtcy.E.D.Pa. 1992); In re El-Amin, 126 B.R. 855, 859 (Bkrtcy.E.D.Va, 1991); In re White, 851 F.2d 170 (6th Cir. 1988); In re MacDonald, 755 F.2d 715 (9th Cir. 1985); In re Graham, 14 B.R. 246, 248 (Bkrtcy.W.D.Ky.1981); Schulze v. Schulze, 15 B.R. 106, 108-109 (Bkrtcy.S.D.Ohio 1981). We have a change in circumstances within months of the decree caused by Plaintiff's disappointed by the trial court's final ruling. Additionally, relief from the stay should be granted to allow the collection of post-petition support, interest, costs, and fees where such collection is otherwise prohibited by the automatic stay (e.g. where the property of the estate has not re-vested in the debtor), In re Jacobson, 231 B.R. 763

SILK LAW OFFICE
Melinda Silk
59 Mulberry Avenue
Lake Havasu City
Arizona 86403
(928) 854-7455
Fax (928) 854-7469

9

(Bkrtcy.D.Ariz. 1999). Whatever disagreements Plaintiff may have, the fact remains that the Automatic Stay has afforded him an opportunity to avoid the enforcement tools that would give him reasons to pay the support he owes.

State and federal courts have held that a bankruptcy discharge of debts allocated in part to one of the parties to the divorce can constitute a change of circumstances to permit a modification of the property allocation, alimony and child support. Hopkins. V. Hopkins, 487 A.2d 500, 504 (R.I. 1985). Consistent with this view, the Ninth Circuit held that when an ex-husband obtained a bankruptcy discharge of a property debt he owed his wife for the value of his medical practice pursuant to a prior divorce decree, the non-debtor spouse properly sought increased alimony from the divorce court based on a change of circumstances. Siragusa v. Siragusa, 27 F.3d 406, 408-409 (9th Cir. 1994). The court concluded that the modified alimony was not a violation of the bankruptcy discharge and the bankruptcy court properly deferred to the state court's determination that the change was not a reinstatement of the property settlement debt. Id. (citing In re Harrell, 754, F.2d 902, 907 (11th Cir. 1985) (holding that bankruptcy court rulings should impinge on state domestic relations issues "in the most limited manner possible").

Plaintiff cites Sternberg v. Johnston, 582 F.3d 1114 (9th Cir. 2009) as their most important case that Defendant and

SILK LAW OFFICE
Melinda Silk
59 Mulberry Avenue
Lake Havasu City
Arizona 86403
(928) 854-7455
Fax (928) 854-7469

10

Defendant's Attorney willfully violated 11 U.S.C. § 362. Plaintiff's argues "the stay was violated by the attorney continuing to prosecute post petition a divorce motion for contempt of court that had been filed prior to the bankruptcy case being filed." Plaintiffs' argument is without merit as the case was appealed up to the U.S. Court of Appeals, Ninth Circuit at 582 F.3d 1114 who found "<u>the attorneys fee award against Sternberg was based on the authority of this statute. The bankruptcy court did not find Sternberg or anyone else to be in civil contempt for violating the automatic stay, nor did it impose any sanctions under its inherent civil contempt authority.</u>" 582 F.3d 1114, 1122 (New footnote 3) (Emphasis added).

Although Plaintiffs are not attorneys, Plaintiffs are not providing complete candor to the court as required by Rule 3.3 of the Model Rules of Professional Conduct which states:

> (a) A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel. . .

Attorney's fees and court costs are deemed to be in the nature of maintenance or child support and thus nondischargeable based on state law. <u>Magee v. Magee</u>, 206 Ariz. 589, 592, 13-14, 81

SILK LAW OFFICE
Melinda Silk
59 Mulberry Avenue
Lake Havasu City
Arizona 86403
(928) 854-7455
Fax (928) 854-7469

11

P.3d 1048, 1051 (App. 2004) (requiring payment of fees by one spouse on behalf of other is derived from and justified by the duty of support); In re Matter of Catlow, 663 F.2d 960, 962-963 (9th Cir. 1981) (awarding attorney's fees in dissolution action was nondischargeable under prior bankruptcy code because the award fell into the same support category as spousal maintenance).

In determining whether an obligation is in the nature of alimony, maintenance or support, "the court must look to the "intent of the parties and the substance of the obligation." Shaver v. Shaver, 736 F.2d at 1316. A factor in characterizing an obligation as one intended for support is the need of the recipient spouse. *Id.* Factors indicating the need for support "include the presence of minor children and an imbalance in the relative income of the parties" and whether the obligation terminates on the death or remarriage of the recipient spouse. Id. In making this determination, the trial court on remand can consider the purpose of A.R.S. § 25-324, In re Gibson, 103 B.R. at 221, and shall clarify whether the award is made only as a sanction or is based on wife's need. Cf. In re Jarski, 301 B.R. 342, 346-47 (Bankr.D.Ariz. 2003). This will assist the bankruptcy court in later determining whether the prior award was dischargeable.

A number of cases have addressed the dischargeability of attorney's fees awarded under dissolution decrees or

SILK LAW OFFICE
Melinda Silk
59 Mulberry Avenue
Lake Havasu City
Arizona 86403
(928) 854-7455
Fax (928) 854-7469

settlement agreements. The majority of these cases hold that such fees are nondischargeable under section 523(a)(5) as alimony, maintenance or support. See e.g. In re Gwinn, 20 B.R. 233 (9th Cir. BAP 1982).

Similar to the reasoning of Shaver, virtually all of the cases look to the fact that the award of attorney's fees was based upon the need of the recipient spouse or the financial circumstances of the parties in determining that the attorney fees are support. See e.g. In re Heverly, 68 B.R. 21, 23 (Bankr.M.D.Fla.1986); see also Jones v. Tyson, 518 F.2d at 680-81.

WHEREFORE, Defendants request the Court make the following Orders:

1. Dismiss Plaintiffs' Adversary Complaint in its entirety.

2. Deny Plaintiffs' request for sanctions against the Defendants.

3. Deny Plaintiffs' request for attorney's fees in the amount of $2,000.00.

4. That attorney's fees and court costs be awarded against Plaintiffs in favor of Defendants in the amount of $2,500.00.

5. That any and all additional relief be ordered that this Court deems just and proper under the circumstances.

SILK LAW OFFICE
Melinda Silk
59 Mulberry Avenue
Lake Havasu City
Arizona 86403
(928) 854-7455
Fax (928) 854-7469

DATED this 19th day of September, 2011.

                                        SILK LAW OFFICE
                                        59 Mulberry Avenue
                                        Lake Havasu City, AZ 86403

                                        s/Melinda Silk
                                        _____
                                        MELINDA SILK
                                        Attorney for Defendants,
                                        Kristy Osius and Melinda Silk


Copy mailed this 19th day
of September, 2011, to:

DANIEL BARBARA
P.O. Box 792
Bouse, AZ  85325
Debtor/Respondent

RUSSELL BROWN
3838 North Central Avenue, #800
Phoenix, AZ  85012
Chapter 13 Trustee



By: _____

SILK LAW OFFICE
Melinda Silk
59 Mulberry Avenue
Lake Havasu City
Arizona 86403
(928) 854-7455
Fax (928) 854-7469

14