# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DANIEL LYMAN BARBARA and LEE ANNE BARBARA,<br><br>Debtors. | Chapter 13<br><br>Nos. 0:11-bk-19648-JMM<br><br>Adversary No. 0:11-ap-01514-JMM |
| DANIEL LYMAN BARBARA and LEE ANNE BARBARA,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTY OSIUS and MELINDA SILK,<br><br>Defendants. | **MEMORANDUM DECISION** |

The court, in internally reviewing its docket in this case, in anticipation of the trial date of February 24, 2012, has reviewed the complaint and answer herein.

Based upon that review, and a similar review of applicable law, the court concludes that no trial is required and that the issues in this case may be disposed of summarily.

The actions about which Plaintiffs complain relate to separate Arizona state court proceedings involving obligations arising out of a dissolution proceeding between Plaintiff Daniel Barbara and Defendant (former wife) Kristy Osius. The monetary debts claimed to be

owed by Ms. Osius fall into the collective category of "domestic support obligations" ("DSO"), which are defined in the Bankruptcy Code at 11 U.S.C. § 101(14A).

These types of DSO debts are non-dischargeable in bankruptcy proceedings. 11 U.S.C. § 523(a)(5). Also, this kind of non-dischargeable debt is automatic, and the law favors the ex-spouse. Most importantly, DSOs do <u>not</u> require an adversary proceeding to determine whether they are, indeed, non-dischargeable. They are. <u>See,</u> by contrast, 11 U.S.C. § 523(c)(1) (which requires affirmative adversary proceedings to be brought by a creditor to determine the dischargeability of debts claimed to have been incurred by fraud, breach of fiduciary duties, or for willful and malicious injury).

The automatic stay of 11 U.S.C. § 362(a) does not apply to stay enforcement of DSOs in state court. 11 U.S.C. §§ 362(b)(2)(A), (B) and (C). Collection and enforcement of a DSO is, therefore, an exception to the general automatic stay rule. Thus, there has been no conduct deserving of a contempt order.

As a result, the Plaintiffs have failed to state a legal claim, as a matter of law, and their complaint must, therefore, be dismissed. FED. R. BANKR. P. 7012(b) (applying FED. R. CIV. P. 12(b)(6) to bankruptcy proceedings).

The state courts of Arizona are better suited than federal bankruptcy courts to determine issues arising in a domestic relations matter, and that court has full and complete general jurisdiction to handle all aspects of the current dispute between former spouses. Thus, as a matter of comity, competence and complete confidence in the Arizona Superior Courts, this court hereby authorizes that court to sort out, untangle and dispose of any simmering legal issues that may remain from the parties' divorce and its aftermath.

Accordingly, a separate order will be entered by this court which:

1. Dismisses Plaintiffs' Complaint;
2. To the extent required (and this court does not feel it is required), lifts and annuls the automatic stay of 11 U.S.C. § 362(a) to allow the domestic disputes of former spouses to be litigated in the Arizona Superior Court;

| | |
|---|---|
| 1 |       3.     Vacates the trial setting of February 24, 2012 at 10:30 a.m.; and |
| 2 |       4.     Directs the Clerk to terminate this adversary proceeding. |

The order will be this court's <u>final</u> order, which means that any party aggrieved thereby will have 14 days to appeal therefrom. FED. R. BANKR. P. 8002. Any appeal requires the payment of an appeal fee of $298.

     DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Noticing
Center ("BNC") to all parties to this adversary proceeding

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>DANIEL LYMAN BARBARA and LEE ANNE BARBARA,<br><br>Debtors. | Chapter 13<br><br>Nos. 0:11-bk-19648-JMM<br><br>Adversary No. 0:11-ap-01514-JMM |
| DANIEL LYMAN BARBARA and LEE ANNE BARBARA,<br><br>Plaintiffs,<br><br>vs.<br><br>KRISTY OSIUS and MELINDA SILK,<br><br>Defendants. | **ORDER** |

Consistent with the court's Memorandum Decision,

IT IS HEREBY ORDERED as follows:

1. DISMISSING Plaintiffs' Complaint, the court concluding that no action for contempt exists;

2. To the extent required (and this court does not feel it is required), LIFTING and ANULLING the automatic stay of 11 U.S.C. § 362(a) to allow the domestic disputes of former spouses to be litigated in the Arizona Superior Court;

3. VACATING the trial setting of February 24, 2012 at 10:30 a.m.; and

4. DIRECTING the Clerk to terminate this adversary proceeding.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Noticing
Center ("BNC") to all parties to this adversary proceeding